THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY RAY CAIRNES,<br><br>    Plaintiff,<br><br>    v.<br><br>PAMELA HEMMINGER, *et al.*,<br><br>    Defendants. | CASE NO. C24-0486-JCC<br><br>ORDER |

A complaint filed by any person seeking to proceed *in forma pauperis* is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). And while the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

According to the Federal Rules of Civil Procedure, a complaint must include a short plain statement of the grounds for the court's jurisdiction, along with a description of the claim establishing that the plaintiff is entitled to relief and a description of the relief sought. *See* Fed. R. Civ. P. 8. And because subject matter jurisdiction is a foundational issue, the Court must dismiss

ORDER
C24-0486-JCC
PAGE - 1

a complaint any time it appears that it has no jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (allegations must support the court's subject matter jurisdiction). Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See id.* § 1332.

Based on the Court's review of the instant complaint, it finds that Plaintiff's allegations fail to establish this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1), (2). According to Plaintiff's complaint, the Court has subject matter jurisdiction because "U.S. Code Title 38 . . . governs the rights of veterans and their property." (Dkt. No. 5 at 1.) But the citation is inapt. Plaintiff's case is a quiet title action. (*See generally id.*) While Title 38 does address veterans' affairs, it only governs the disposition of certain unclaimed deceased veterans' personal property. *See, e.g.*, 38 U.S.C. § 8502. And it does not provide a cause of action in a civil case. *See* 38 U.S.C. § 101 *et seq*. Moreover, a quiet title action against private parties (as opposed to the federal government) is, by its very nature, a matter of state law. *See Liddell v. All Persons Unknown*, 2022 WL 2159261, slip op. at 2 (C.D. Cal. 2022) (collecting cases). It does not present a federal question and, accordingly, does not confer subject matter jurisdiction. *Id.* Nor would diversity jurisdiction apply here, as all parties are Washington citizens. (*See* Dkt. No. 5 at 6.)

While the Court gives *pro se* plaintiffs leave to amend, it need not do so if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). And here, it is not conceivable that Plaintiff could adequately plead violations of federal law and/or diversity jurisdiction. For this reason, Plaintiff's complaint (Dkt. No. 5) is DISMISSED without prejudice. The Clerk is DIRECTED to close this case.

//

1    DATED this 30th day of April 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE